# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DRAKE EDWARDS,

      Plaintiff,  :  Case No. 3:08-cv-075

          District Judge Walter Herbert Rice
  -vs-          Chief Magistrate Judge Michael R. Merz

                               :

DAYTON VETERANS MEDICAL
CENTER, et al.,

      Defendant.

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action against the Dayton Veterans Medical Center and two of its police officers on March 1, 2008. On March 27, 2008, the Magistrate Judge made a determination that process could issue as to some of the Defendants and that the case should be dismissed as to an Officer Ableman as to whom no allegations were made in the Complaint.

On the same date, Plaintiff caused process to issue to the "VA Medical Center, at al." and to "Officer Keller" (Doc. No. 4). On May 5, 2008, the United States Marshal made a return of service indicating receipt of this process at the Veterans Medical Center at 4100 West Third Street by certified mail with delivery on April 29, 2008 (Doc. No. 7). On July 2, 2008, the United States Attorney filed and served on Plaintiff a Notice that Plaintiff had not properly served the United States Attorney, the Secretary of Veterans Affairs, or the Attorney General of the United States (Doc. No. 8). Plaintiff has taken no further steps to complete service of process.

Under Fed. R. Civ. P. 4(m), a complaint must be dismissed if service of process is not made within 120 days of filing. Under that Rule, Plaintiff's time for making service expired on July 3,

1

2008.

It is accordingly respectfully recommended that this action be dismissed without prejudice for want of prosecution.

August 6, 2008.

s/ <b>Michael R. Merz</b><br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).