# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DRAKE EDWARDS,

        Plaintiff,      :      Case No. 3:08-cv-075

                                          District Judge Walter Herbert Rice
    -vs-                                Magistrate Judge Michael R. Merz

                                          :

DAYTON VETERANS MEDICAL
 CENTER, et al.,

        Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction (Doc. No. 16). Plaintiff was notified of his obligation to respond and of the nature of the response required; he has done so with his own Motion for Summary Judgment (Doc. No. 19).

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (3 Dall. 382), 1 L. Ed. 646 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83, 56 S. Ct. 780, 80 L. Ed. 1135 (1935).

Plaintiff originally brought suit against the Dayton Veterans Medical Center and two of its

security officers, Officers Albeman and Keller. The Complaint was dismissed as to Officer Albeman because there were no facts pleaded in the Complaint with respect to him. The United States Attorney then certified that Officer Keller was working within the scope of his federal employment when he interacted with the Plaintiff in March, 2008. This certification had the effect of substituting the United States of America as a Defendant in place of Officer Keller. 28 U.S.C. §2679(d)(2).

It is fundamental that the United States, as sovereign, is immune from suit without its consent. *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990). Under that doctrine, the federal courts do not have jurisdiction over a claim against the United States (including agencies of the Executive Branch) unless there is an express Congressional waiver of sovereign immunity. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981); *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976); *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 69 S. Ct. 1457, 93 L. Ed. 1628 (1949).

Plaintiff points to no applicable waiver of sovereign immunity for this case and the Court is not aware of any. In order to bring suit against the United States for Officer Keller's acts, Plaintiff would first have had to file an administrative claim under the Federal Tort Claims Act and the Affidavit of Dennis McGuire attached to Defendants' Motion shows that no such administrative claim has been filed. The Dayton Veterans Medical Center is not itself a separate government agency which can be sued, apart from suing the Government itself.

It is accordingly respectfully recommended that Defendants' Motion to Dismiss be granted, that this case be dismissed without prejudice for lack of subject matter jurisdiction, and that Plaintiff's Motion for Summary Judgment be denied.

December 6, 2008.

                                                            s/ **Michael R. Merz**
                                                             United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).